Mr. Justice Nolt
delivered the opinion of the court:
We have no act of our own to direct us in the decision of this question ; and but few of the British statutes on the subject of replevin are of force in this state. Our courts hare been governed partly by the rules of the common law, and partly by the British statutes, whidi adopted in .practice, though not made of for gislativo act. Whenever therefore a new question arises, we must conform our decision to the nature! and the general practice of our courts. AJ fact an action of trespass. The plaintiff fend ant with having unlawfully taken his goSi the defendant has taken them under color of law^the plaintiff cannot deprive him of the possession without entering into a bond, with security to return them again if he should fail to establish the wrongful taking. The proceedings therefore ought to be so modelled as to preserve the relative rights of the parties. The plaintiff has a right to make the landlord (or the person distraining) a party to the action, as well as the officer executing the warrant.— So on the other hand, the landlord may come in and be, made a party, and defend his bailiff against the action. In the same manner, a landlord is permitted to come in and be substituted in the place of his tenant in an action of trespass to try title, although there is no act of the Legislature authorizing such a proceeding. What then ought to be the course of proceeding in this case ? Octavius *166 Cripps, the ostensible defendant, is dead» The action of ■course abates as to him ; but the interest of the other joint tenants remain as before. And shall the plaintiff be permitted to withhold from them the property, to the possession of which, they have an apparent right, without affording.them an opportunity to try the question, according to the condition of his bond ? Justice would seem to require that he should not; and it only remains to inquire, whether law and justice are, in that respect, at variance. In. ■Sellon it -is said, “ there is a difference between pleas in abatement in replevin and in other actions, arising from the peculiar nature of the proceedings in replevin. In ether actions, as actions of assumpsit, debt or trespass, the plaintiff is not put into possession of any thing until after judgment and execution thereon. As soon therefore as the writ or count is quashed by a judgment for the defendant, on a plea in abatement, the defendant is thereby restored to the same situation in which he was before the action was brought: but in replevin, the mere quashing the writ or count does not afford the defendant complete redress, the plaintiff being in possession of the defendant? goods by previous delivery from the sheriff. To remedy this inconvenience, and to entitle himself to a return of the distress, the defendant must to a plea in abatement in replevin, subjoin a suggestion in the nature of an avowry or cognizance. In analogy, with that proceeding the joint tenants of Octavius Cripps, have a right to file a suggestion to entitle themselves to a return of the distress. The plaintiff will nevertheless be permitted to prosecute his action against them if he chose to do so. The court is therefore satisfied with the order made in the court below, and this motion must be refused.
Hunt, for the motion.
Toomer, contra.
Justices Colcock and Johnson, concurred.